UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HAROLD BENITEZ,

      Plaintiff,

  v.

                        Civil Action 2:13-cv-328
                        Judge Michael H. Watson
                        Magistrate Judge Elizabeth P. Deavers

BRANDON EITEL, *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, Harold Benitez, an Ohio inmate, brings this civil rights action under 42 U.S.C. § 1983 against putative Defendants, employees and former employees of Madison Correctional Institution ("MCI"). This matter is before the Undersigned for consideration of Defendants' Motion to Dismiss for Failure to Serve Pursuant to Fed. R. Civ. P. 4(m) and Failure to Prosecute Pursuant to Fed. R. Civ. P. 41(b) (ECF No. 18), Plaintiff's Memorandum in Opposition (ECF No. 25), and Defendants' Reply (ECF No. 26). For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **DENIED** and that Plaintiff be **GRANTED** a Rule 4(m) discretionary extension.

### I.

Plaintiff commenced this action on April 8, 2013, naming, among others, Defendants Beal, Eitel, and Hubbard. That same day, the Clerk issued summonses as to each of these Defendants. (ECF No. 2.) On May 2, 2013, the Clerk docketed a Certificate of Mailing By Clerk, reflecting that a copy of the complaint and summons were sent by certified mail to

Defendants Beal, Eitel, and Hubbard at the MCI address. (ECF No. 3.) A May 7, 2005 docket entry reflects that the summons were returned executed. (ECF No. 4.) On May 10, 2013, the Clerk received and docketed correspondence dated May 7, 2013, from the Ohio Department of Rehabilitation and Correction ("ODRC") indicating that the acceptance of the summons and Complaint for Defendants Beal, Eitel, and Hubbard was in error and that these Defendants were no longer employed at MCI. (ECF No. 6.)

On May 28, 2013, Ohio Assistant Attorney General Thomas Miller entered a Notice of Appearance on behalf of Defendants Johnson, McHue, Lambert, and John Doe Number 2. (ECF No. 7.) Attorney Miller contemporaneously sought, and the Court granted, an extension of time in which to answer or otherwise plead. (ECF Nos. 8 and 9.) Attorney Miller requested the extension, in part, because not all of the Defendants had been served.

On June 3, 2013, Attorney Miller informed Plaintiff's counsel via email that Defendant Beal had been re-assigned and provided the address for ODRC's Franklin Medical Center, where Defendant Beal could be served. (June 3, 2013 Miller Corres., ECF No. 12-1.) Mr. Miller also indicated that he would "provide an update" regarding whether Defendants Eitel and Hubbard were still employed with ODRC, and if so, where. (*Id.*) Before Attorney Miller provided an update to Plaintiff's counsel, the Court, on August 21, 2013, issued a Show Cause Order to Plaintiff ordering him to show cause within fourteen days why the Court should not dismiss Defendants Eitel, Beal, and Hubbard and the John Doe Defendants and why the Court should allow an extension of time to effect service. (ECF No. 11.) Plaintiff's counsel then, on August 23, 2013, emailed Attorney Miller seeking addresses for Defendants Hubbard and Eitel. On August 26, 2013, Plaintiff's counsel responded to the Court's Show Cause Order, explaining the bases for the delay in service and seeking an extension. (ECF No. 13.) On August 27, 2013,

Attorney Miller responded to Plaintiff's counsel's August 23, 2013 email and advised that Plaintiff could effect service of process over Defendants Eitel and Hubbard by serving Attorney Miller in accordance with Federal Rule of Civil Procedure 4(e)(2)(C) and further noted that these Defendants had consented to service of process in this manner. On August 30, 2013, the Court granted Plaintiff's request for an extension of time to effect service, providing him an additional thirty days such that the new deadline for effecting service of process over Defendants was September 30, 2013. (ECF No. 13.) The Court also permitted Plaintiff to conduct limited expedited discovery with regards to the true identity of a John Doe Defendant and the location of the Defendants who had not yet been served. (*Id.*)

On September 6, 2013, Plaintiff's counsel sent an email to Attorney Miller seeking confirmation that Defendants Eitel and Hubbard could be served at Attorney Miller's business address and that Defendant Beal could still be served at the address Attorney Miller had provided earlier.

On September 20, 2013, Plaintiff filed an Amended Complaint. (ECF No. 15.) The Certificate of Service attached to Amended Complaint indicated that all Defendants had been served electronically. (*Id*. at 105.) Plaintiff attached a "Praecipe" to the final pages of his Amended Complaint, asking the Clerk to serve each of the Defendants "through proper legal service." (*Id*. at 106–07.) Plaintiff listed Attorney Miller's address for Defendants Eitel and Hubbard and listed the address of ODRC's Franklin Medical Center for Defendant Beal. (*Id*.) On September 24, 2013, Plaintiff filed a corrected Amended Complaint that eliminated the John Doe Defendant. (ECF No. 16.) The Certificate of Service again reflected that Defendants had been served electronically. (*Id*. at 103.) Plaintiff again attached a "Praecipe" to the final pages of the corrected Amended Complaint, requesting the Clerk to effect service over Defendants.

(*Id*. at 104–05.) That same day, Plaintiff's counsel's legal assistant, Lynne Komar, contacted Attorney Miller regarding service of the Amended Complaint. Mr. Miller informed Ms. Komar that "the Amended Complaint was to be sent by electronic mail and would be accepted as service in this case, but that he would also like a courtesy copy sent by U.S. Certified Mail." (Komar Aff. ¶ 3, ECF No. 25-1.)

Ms. Komar represents that Mr. Miller received the Amended Complaint electronically via CM/ECF. Ms. Komar also avers that on September 30, 2013, she tendered the requisite documents to the Clerk for service via certified mail. The staff in the Clerk's office was unable to process these documents until October 4, 2012. Because of an apparent address discrepancy, the Clerk's office contacted Plaintiff's counsel to obtain a corrected summons form, which Plaintiff's counsel promptly supplied. The docket reflects that the Clerk sent copies of the Amended Complaint and summonses to Defendants Eitel, Beal, and Hubbard on October 7, 2013. (ECF No. 21.) The docket further reflects that the summonses were executed on October 9, 2013, nine days after the September 20, 2013 service deadline. (ECF No. 24.)

On October 3, 2013, Attorney Miller entered a Limited Notice of Appearance on behalf of Defendants Beal, Eitel, and Hubbard. (ECF No. 17.) That same day, Defendants Beal, Eitel, and Hubbard filed the subject Motion to Dismiss. (ECF No. 18.) In their Motion, Defendants ask this Court to dismiss this action *with prejudice* pursuant to Federal Rules of Civil Procedure 4(m) and 41(b). Defendants maintain that dismissal of Plaintiff's claims against Defendants Beal, Eitel, and Hubbard pursuant to Federal Rule of Civil Procedure 41(b) is proper because Plaintiff failed to timely comply with the Court's August 30, 2013 Order. Alternatively, Plaintiff seeks dismissal pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely effect service of process.

4

Plaintiff opposes dismissal, asserting that his counsel operated in good faith.  In Plaintiff's view, Attorney Miller "waived service of the summons by only requesting copies of the Amended Complaint," and Plaintiff's counsel served Defendants "per Defendants' Counsel's instructions, as Plaintiff's Counsel in good faith had understood them to be." (Pl.'s Opp. 11–12, ECF No. 25.)  Plaintiff adds that "[h]ad Defendants' Counsel originally not delayed providing the promised information and/or instructions on the Defendants . . . (from June 3 until August 27, 2013), . . . everyone would have been served successfully a very long time ago . . . ." (*Id*. at 12.)

In their Reply, Defendants acknowledge that their counsel indicated that he would provide an update as to whether Defendants Eitel and Hubbard were employed with ODRC and that their counsel did not respond until August 27, 2013.  They assert, however, that their counsel's representation did not amount to a legal obligation that would relieve Plaintiff of his "exclusive obligation to perfect service upon all [D]efendants." (Defs.' Reply 6, ECF No. 26.)  Defendants also maintain that Plaintiff should not have interpreted their counsel's representations to Ms. Komar on September 24, 2013, as a waiver service of process given the "precise and exacting requirements" of Rule 4(d)(1) for waiver. (*Id*. at 8.)  Defendants further point out that Plaintiff had Defendant Beal's service address for months before the service deadline and Defendants Eitel and Hubbard's addresses for more than a month before the deadline.

## II.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib. Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). Federal Rule of Civil Procedure 12(b)(5) provides that insufficient service of process is a "defense to a claim for relief in any pleading" that may be asserted by motion. Fed. R. Civ. P. 12(b)(5).

Rule 4(c)(1) indicates that a plaintiff is responsible for serving the defendant with both a summons and the complaint within the time permitted under Rule 4(m). Fed. R. Civ. P. 4(c)(1). Under Rule 4(m), a plaintiff must serve defendants within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). "A plaintiff cannot extend the service period with respect to an already-named defendant by filing an amended complaint . . . ." *Harris v. City of Cleveland*, 7 F. App'x 452, 456 (6th Cir. 2001) (citation omitted). If a plaintiff does not complete service within this time, he or she may show good cause for failure to effect service. Fed. R. Civ. P. 4(m). The existence of good cause is a "discretionary determination entrusted to the district court." *Abel v. Harp*, 122 F. App'x 248, 251 (6th Cir. 2005); *Williams v. Smith*, No. 98-1700, 1999 WL 777654, at *1 (6th Cir. Sept. 17, 1999) ("The determination of whether good cause has been shown is left to the sound discretion of the district court and will not be disturbed on appeal absent an abuse of discretion."). Upon a showing of good cause "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even if a plaintiff lacks good cause, it is within the court's discretion to decide whether to dismiss that plaintiff's suit or to grant an extension. *Id.*; *Henderson v. United States*, 517 U.S. 654, 662 (1996) (noting that the current version of Rule 4(m) vests courts with "discretion to enlarge the 120-day period even if there is no good cause shown") (internal quotation marks and citation omitted).

6

**III.**

The Undersigned agrees with Defendants, that Plaintiff has not demonstrated good cause for his failure to timely effect service over Defendants Eitel, Beal, and Hubbard that would mandate an extension of the service deadline. Defendants correctly point out that Plaintiff's counsel should not have relied upon Defense counsel's offer to ascertain the whereabouts of Defendants Eitel, Beal, and Hubbard. Instead, Plaintiff should have moved under Federal Rule of Civil Procedure 26(d) for expedited discovery and sought this information formally through written discovery. Regardless, Defense counsel's delay in responding does not explain Plaintiff's delay in serving Beal given that Attorney Miller provided Plaintiff's counsel with the necessary service information for Beal on June 3, 2013. Moreover, Plaintiff's counsel possessed all of the information he needed to effect service on Defendants Eitel, Beal, and Hubbard on August 27, 2013, more than a month before the extended service deadline. Finally, Plaintiff's counsel should not have interpreted Defense counsel's September 24, 2013 representations to Ms. Komar to constitute a valid waiver of process. Rule 4(d), which governs waiver, does not contemplate oral waiver and mandates that a defendant be afforded "at least 30 days after the request [for waiver] was sent." Fed. R. Civ. P. 4(d)(1). Finally, although Plaintiff submitted the proper documents for service to the Clerk's office before the expiration of the service deadline, he did not afford the Clerk a reasonable amount of time to process the documents so as to ensure timely service. In sum, under these circumstances, the Undersigned concludes that Plaintiff has failed to demonstrate good cause for his failure to timely serve Defendants Eitel, Beal, and Hubbard.

The Court must next consider whether to grant Plaintiff a discretionary extension to effect service of process on Defendants Eitel, Beal, and Hubbard despite the lack of good cause.

This Court has set forth factors it considers in exercising its discretion under Rule 4(m), which include:

> "(1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff . . . and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process."

*Stafford v. Franklin Cnty, Ohio*, No. 2:04-CV-178, 2005 WL 1523369, at *3 (S.D. Ohio June 28, 2005) (quoting *Nehls v. Hillsdale Coll.*, No. 1:03-CV-140, 2004 LEXIS 8588, at *15 (W.D. Mich. Feb. 20, 2004)); *see also Becker v. Warden Ross Corr. Inst.*, No. 2:05-CV-908, 2006 WL 2869567, at *4 (S.D. Ohio Oct. 5, 2006) (applying the same factors).

Consideration of the foregoing factors prompts the Court the grant an extension.  First, a significant extension is not required here.  Plaintiff effected service of process over Defendants Eitel, Beal, and Hubbard nine days after the September 30, 2013 service deadline.  Thus only a nine-day extension is required.  The absence of prejudice to Defendants Eitel, Beal, and Hubbard also weighs in favor of an extension.  Defendants allege that they will be prejudiced should the Court grant an extension because they will be "forc[ed] . . . to literally relive the events allegedly occurring in April 2011," and because they have "a vested interest and a very strong desire to simply leave this unfortunate incident in their respective wakes." (Defs.' Reply 15, ECF No. 26.)  This alleged prejudice, however, is nothing more "than the inherent 'prejudice' in having to defend the suit." *Stafford*, 2005 WL 1523369 at *3.  The Undersigned is unable to discern additional prejudice attributable to the contemplated nine-day extension of the service deadline.

The final factors likewise weigh in favor of granting a discretionary extension.  It is undisputed that Defendants Eitel, Beal, and Hubbard had actual notice of this action.  Further,

Defendants implicitly acknowledge that Plaintiff would, in fact, be prejudiced should the Court not afford him a discretionary extension. (*See* Defs.' Reply 10, ECF No. 26 ("[I]f this case is dismissed without prejudice as against Putative Defendants Beal, Eitel, and Hubbard, Plaintiff's claims are likely time barred by the applicable two (2) year statutory limitations period.").) Finally, Plaintiff made good faith efforts at effecting service of process. Most notably, within thirty days of filing this action, Plaintiff attempted service on all Defendants, an effort that was successful for three Defendants and which would have been successful for Defendants Beal, Eitel, and Hubbard had they not left ODRC's employ. Plaintiff's counsel then commenced discussions with Attorney Miller in an effort to ascertain the whereabouts of Defendants Beal, Eitel, and Hubbard. Most recently, on September 30, 2013, Plaintiff's counsel tendered the requisite documents to the Clerk for service via certified mail, an effort which ultimately resulted in service of process on October 9, 2013.

The case upon which Defendants rely, *Kollins v. North American Business Industries, Inc.*, No. 2:12-cv-627, 2013 WL 2096665 (S.D. Ohio May 14, 2013), is distinguishable. In *Kollins*, the Court declined to grant the plaintiff a discretionary extension of the service deadline where the plaintiff offered "no reason for his counsel waiting until three days before the expiration of the deadline to make *any effort* to serve Defendant." 2013 WL 2096665, at *3 (emphasis added). The Court noted that although the defense counsel had left two voice mails for the plaintiff's counsel offering to waive service, the plaintiff's counsel neglected to respond to the calls for more than three months, waiting until a mere three days before the service deadline. *Id*. at *1. The plaintiff's counsel did not mail the waiver of service form until two weeks *after* the service deadline expired and ten days after the Court entered its show cause order. *Id*. The Court further noted that even this late mailing violated Rule 4(d) because it failed

9

to provide the required documents, failed to provide a reasonable time for response, and was not mailed to the defendant's authorized agent. *Id*. The Court concluded that granting a discretionary extension under these circumstances "might encourage plaintiffs to wait until days before the 120 day period expires to begin efforts to initiate service." *Id*. at *3. Significantly, in *Kollins*, the record contained no information to suggest that dismissal pursuant to Rule 4(m) for failure to timely effect service of process would prejudice the plaintiff.

In contrast, in this case, Plaintiff did not wait "until three days before the expiration of the deadline to make any effort to serve" Defendants Beal, Eitel, and Hubbard. Rather, as noted above, Plaintiff first attempted service less than a month after filing this action, an effort that would have been successful had Deffendants Beal, Eitel, and Hubbard not left their employment at ODRC. Moreover, here, Plaintiff would likely be prejudiced should the Court not grant a discretionary extension, a factor that was not at issue in *Kollins* and that weighs heavily given this Court's preference to decide a case on its merits. *Cf. Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003) (referencing "the principle that cases should be decided on their merits"); *Smith v. Grady*, --- F.Supp.2d ----, No. 1:11-cv-328, 2013 WL 249677, at *11 (S.D. Ohio Jan. 23, 2013) (granting a discretionary extension under Rule 4(m) to effectuate service in light of the "Sixth Circuit's preference for deciding cases on the merits" (internal quotation marks and citations omitted)); *Stafford*, 2005 WL 1523369 at *4 (granting a discretionary extension under Rule 4(m) where the plaintiff would have been barred from re-filing absent an extension, stating that "[t]his factor weighs strongly in Plaintiff's favor").

In sum, given the brevity of the required extension, Defendants' notice of the suit and lack of prejudice, the potential prejudice to Plaintiff should the Court not grant an extension, and Plaintiff's good faith efforts at effecting service of process, it is **RECOMMENDED** that the

Court grant a discretionary extension and retoactively extend the service deadline nine days, until October 9, 2013, the date Plaintiff accomplished service of process over Defendants Eitel, Beal, and Hubbard.

## IV.

For the reasons set forth above, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **DENIED** and that Plaintiff be **GRANTED** a Rule 4(m) discretionary extension of nine days, until October 9, 2013, in which to effect service of process. (ECF No. 18.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**.

Date:  December 31, 2013                                          /s/ *Elizabeth A. Preston Deavers*
                                                                              Elizabeth A. Preston Deavers
                                                                              United States Magistrate Judge